IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENNETH RAY GOLDSMITH, #129296                                                          PLAINTIFF

VS.                                                    CIVIL ACTION NO. 3:14cv626-FKB

DANIEL STRICKLAND, ET AL.                                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss [16] and a supporting memorandum filed by Defendant Keefe Commissary Network, L.L.C. ("Keefe"). Keefe re-urges its arguments in a Joinder [50]. Plaintiff has filed Responses [18, 51] in opposition to the Motion. Having considered the filings, the Court finds that the Motion to Dismiss should be granted in part and denied in part. Nevertheless, for the reasons explained in this Memorandum Opinion and Order, Plaintiff's claims against Keefe are hereby dismissed with prejudice.

I.  Facts and Procedural History

Plaintiff is a former pretrial detainee at the Rankin County Jail ("Jail"), and he is currently housed at the South Mississippi Correctional Institution. According to Plaintiff's complaint, Defendant Keefe operates a "canteen" or commissary for inmates at the Jail, and Keefe also maintains inmate accounts through which inmates purchase items at the canteen.

The Court held an omnibus hearing[1] in this matter, at which time it conferred with Plaintiff and counsel for Defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

subsequently entered an order of reference.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Goldsmith is proceeding in this matter *in forma pauperis* ("IFP") and *pro se*.

In this action, Goldsmith alleges that Defendants violated his constitutional rights during his confinement at the Jail.  Goldsmith's claims are contained in his original Complaint [1] and in a Response [10] to an Order from the Court.  In his original Complaint [1], Goldsmith makes various claims regarding the general living conditions at the Jail.  Included in his litany of claims are several allegations against the Jail regarding a commissary or "canteen" for inmates.  Those claims are the focus of this opinion.

In his original complaint, Goldsmith alleges that the Jail "extorted" money from him and his family by assessing a charge of three dollars against his inmate account for every deposit. [1] at 6.  Plaintiff complains that the three-dollar charge for inmate deposits is not explained or referenced in the Jail's rules and regulations.  *Id.* at 6-7.  He also complains about the canteen's high prices and his payment of taxes on the goods purchased.  *Id.* at 6.  Goldsmith alleges that when he asked an officer for a grievance form so that he could complain about the canteen, his request for a grievance form was refused.  *Id.*  Plaintiff alleges that he wrote to the canteen about these matters, "all to no avail."  *Id.*  The Court observes that Goldsmith failed to name Keefe specifically as a defendant in his original complaint.

In a Response [10] to the Court's Order [6] asking for the names and addresses of each person whom he claimed took his money, Goldsmith provided Keefe's name. [10] at 2.  In the Response, he argues that every time a deposit is made to an inmate's account, the inmate is charged three dollars.  *Id.*  He also protests against payment of taxes on purchases, and he states that he holds the Jail accountable for this situation.  *Id.*

At the omnibus hearing, Goldsmith testified that after the third or fourth three-dollar assessment, he decided not to accept additional deposits to his inmate account from family members. [46] at 36.  He also testified that he wrote letters or grievances related to this case to the Jail's administration.  *Id.* at 34.

## II. Discussion

Keefe has filed a Motion to Dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Keefe first argues that Plaintiff's claim of extortion fails to state a claim under federal law. Secondly, Keefe asserts that Plaintiff's claims should be dismissed because he failed to exhaust his administrative remedies, as is required by the Prison Litigation Reform Act ("PLRA"). Plaintiff filed what has been construed by the Clerk of Court as a Response [18] to the Motion to Dismiss and a Letter [51], in which he does not respond specifically to Keefe's arguments, but he asks the Court to allow him to continue this action.  The Court now turns to the exhaustion argument.

### A.  Exhaustion of Administrative Remedies

Keefe acknowledges that "it accepts deposits from friends and family members of inmates to be transmitted to the custody of the" Mississippi Department of Corrections. [17] at 1. Keefe argues, however, that Goldsmith makes no direct allegations against Keefe in his complaint and that Goldsmith failed to file grievance forms alleging extortion.  Therefore, Keefe argues that this matter should be dismissed for Goldsmith's failure to exhaust administrative remedies.

As stated above, the Court held an omnibus hearing in this matter, at which time the

Court received Plaintiff's testimony in response to Keefe's Motion to Dismiss. Goldsmith does not allege that he suffered any physical injury or ailment that would have prevented him from completing a grievance procedure. It is also unclear, and neither party has outlined for the Court, the nature of the grievance procedure or system at the Jail.

Statutory and case law requires a prisoner to exhaust administrative remedies, regardless of the relief sought. The relevant portion of 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), states the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 532 U.S. at 741. The United States Supreme Court further explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 122 S.Ct. 983 (2002); *see also Jones v. Bock*, 127 S.Ct. 910 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

The Court observes, however, that Keefe has not presented evidentiary support for its position that Plaintiff failed to complete the grievance procedure. Instead, Keefe argues that Plaintiff has failed to provide evidentiary support with his complaint to demonstrate that he filed grievances on this issue. However, in his complaint, Goldsmith alleged that an officer refused

his request for a grievance form. He also alleged that he wrote the canteen about these matters, "to no avail." [1] at 6. In addition, Goldsmith testified at the omnibus hearing that he wrote letters or grievances related to this case to the Jail's administration. [46] at 34.

"Since exhaustion is an affirmative defense, the burden is on [the movant] to demonstrate that [a prisoner plaintiff] failed to exhaust available administrative remedies." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). At this juncture of the case, Defendant Keefe has failed to meet that burden. Accordingly, Keefe's Motion to Dismiss based on Goldsmith's failure to exhaust administrative remedies is denied without prejudice.

### B. Claims Regarding the Commissary

The Court next turns to the substance of Plaintiff's claims related to the canteen or commissary at the Jail. Goldsmith argues that Keefe "extorts" money from him and his family by charging a fee for deposits. Goldsmith also complains of high prices at the commissary. Finally, Goldsmith is aggrieved that he is required to pay sales taxes on items he purchases. Keefe responds that Goldsmith's claims of extortion should be dismissed for their failure to state a claim on which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A court must "dismiss [an IFP] case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Under the IFP statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted, if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Jones v. McDuffie*, 539

F. App'x 435, 435 (5th Cir. 2013)(per curiam)(internal quotation marks omitted).

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Twombly*, 550 U.S. at 556).

The Court has permitted Goldsmith to proceed IFP in this action, and his Complaint is subject to dismissal under § 1915 and Rule 12(b)(6) of the Federal Rules of Civil Procedure. An initial inquiry in a § 1983 case is whether the plaintiff has alleged that his constitutional rights have been violated.

> If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.

*Montgomery v. Mancuso*, 2013 WL 4590436 (W.D. La. Aug. 28, 2013)(citing *Hessbrook v. Lennon*, 777 F.2d 999, 1005 (5th Cir. 1985)).

Although not raised by Keefe, it is unclear to the Court whether Keefe qualifies as a party acting "under color of state law" as required by § 1983. *See Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549-550 (5th Cir. 2005); *see also Blum v. Yatesky*, 457 U.S. 991, 1004 (1982)('[a]cts of private contractors do not become acts of the State simply because they are performing public contracts."). On the other hand, assuming Keefe is a state actor for the purposes of this opinion, intentional deprivations of property do not implicate the due process

clause as long as an adequate post-deprivation remedy is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994); *see also Montgomery*, 2013 WL 4590436 at *4; *Chandler v. Keefe Commissary*, 2014 WL 5152573, *4 (S.D. Miss. Oct. 14, 2014)(Civil Action No. 1:14cv29-HSO-RHW). Mississippi common law provides adequate remedies for the taking of personal property. *Nickens v. Melton*, 38 F.3d 183, 195 (5th Cir. 1994). Accordingly, Goldsmith's allegations regarding the fee charged for deposits fails to state a claim for a constitutional violation, and, therefore, must be dismissed.

Turning to his other complaints, his claim of high prices at the commissary also fails to rise to the level of a constitutional violation. "The law is clear that inmates have no constitutionally protected interest in purchasing goods through the prison commissary at the cheapest price possible." *Montgomery*, 2013 WL 4590436 at *3. Likewise, Goldsmith's claim regarding payment of a sales tax by prisoners on items purchased at the commissary does not rise to the level of a constitutional violation. *See Merkling v. Scott*, 177 F.3d 977 (table); 1999 WL 195300 (5th Cir. Mar. 16, 1999).

### III. Conclusion

Accordingly, for the reasons explained in this Opinion, the Court finds that Keefe's Motion to Dismiss [16] based on Plaintiff's failure to exhaust administrative remedies should be denied. However, the Motion to Dismiss is granted because Plaintiff's claims fail to state a claim on which relief may be granted. Plaintiff's claims are hereby dismissed with prejudice. Because this opinion does not address all of Goldsmith's claims, a separate judgment will not be entered at this time.

SO ORDERED, this the 25th day of August, 2015.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE