IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENNETH RAY GOLDSMITH, #129296                                         PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 3:14cv626-FKB

DANIEL STRICKLAND, ET AL.                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion for Summary Judgment [48] and a supporting memorandum filed by Defendants Daniel Strickland, James Rutland, Ben Blaine, Eddie Thompson, Bryan Bailey,[1] David King, and Pattie Temple ("Rankin County Defendants"). Plaintiff has filed a letter that the Court construes as a Response [51] in opposition to the Motion. The Court has previously considered and dismissed Plaintiff's claims against Defendant Keefe Commissary Network ("Keefe"). *See* Order at [52]. Having considered the filings, the Court finds that the Motion for Summary Judgment [48] should be granted based on Goldsmith's failure to exhaust administrative remedies as to his remaining claims against the Rankin County Defendants. Accordingly, Plaintiff's claims against Rankin County Defendants are hereby dismissed without prejudice.

I. Facts and Procedural History

Plaintiff is a former pretrial detainee at the Rankin County Jail ("Jail"), and he is currently housed at the South Mississippi Correctional Institution. According to Plaintiff's complaint, the Rankin County Defendants violated his constitutional rights during his time of incarceration at the Jail during certain periods of time in 2013 and 2014, while he was a pre-trial

---

[1] Although "Brian Bailey" is named as a defendant, counsel makes clear that the proper spelling of defendant's name is "Bryan Bailey." *See* [49] at 1.

detainee, and after he was convicted. Defendants are the Sheriff of Rankin County, Bryan Bailey; James Rutland, Chief of Security; Daniel Strickland, a Jail officer; Ben Blaine, Jail Administrator; Eddie Thompson, Chief Deputy; David King, Jail shift leader; and Pattie Temple, Jail employee.

The Court held an omnibus hearing[2] in this matter, at which time it conferred with Plaintiff and counsel for all Defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Goldsmith is proceeding in this matter *in forma pauperis* ("IFP") and *pro se*.

As stated above, Goldsmith alleges that the Rankin County Defendants violated his constitutional rights during his confinement at the Jail. Goldsmith's claims are contained in his original Complaint [1] and in a Response [10] to an Order from the Court.

In his original Complaint [1], Goldsmith makes various claims regarding the general living conditions at the Jail, as well as a claim for excessive force. Goldsmith alleges that he was attacked by Defendant Strickland after Goldsmith kicked on his cell door during the booking process. [1] at 4-5. He complains that he was subjected to lockdown for over fifty days as a result of the incident. *Id.* at 5. He alleges that he was subjected to extended lockdowns at various times during his incarceration at the Jail. *Id.* at 8-10. He also complains that Defendants denied him adequate medical services and access to disciplinary due process. *Id.* at 5. He complains that he wrote and filed several grievances about these conditions, without results. *Id.*

---

[2]*See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

He also alleges that Defendants denied him access to the Jail's rules and regulations. *Id.* He alleges that, on one occasion, Defendants made him stay outside in cool weather about one-half day without proper clothing. *Id.* He asserts that mail addressed to him from the outside world was lost. *Id.* He alleges that the food was served cold. *Id.* at 10. Finally, Goldsmith asserts that he contracted a rash while he was in isolation because of the cell's filthy conditions. *Id.*

In a Response [10] to the Court's Order [6] asking for more information about his claims, Goldsmith asserted that Defendant Bailey violated his constitutional rights when he allowed his employees to cause physical harm to him. [10] at 1. He also alleged that Defendant King allowed his employees to "do as they choose." *Id.* In the Response, Plaintiff also asserted that the Jail staff denied him yard call, and that Defendants King, Rutland, Thompson, and Bailey should be held accountable for the denial of yard call. *Id.*

At the omnibus hearing, Goldsmith testified that he wrote letters or grievances related to his complaints about Jail conditions to the Jail's administration. [48-2] at 34. He also testified that he mailed copies of these letters and grievances to his home for safekeeping. *Id.* at 33. The remainder of his testimony essentially reiterated the claims he had made in his Complaint [1] and the Response [10].

## II. Discussion

### A. Summary Judgment Standard

The Rankin County Defendants have filed a Motion for Summary Judgment, asserting several bases for dismissal. Defendants first argue that Goldsmith has failed to exhaust his administrative remedies, as is required by the Prison Litigation Reform Act ("PLRA"), and, thus, this matter should be dismissed. Alternatively, Defendants argue that they are entitled to

dismissal on the merits of Goldsmith's claims. Plaintiff failed to file a formal response to the Motion for Summary Judgment, but he did send a Letter [51] in which he asks the Court to allow him to continue this action.

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 119 S.Ct. 618 (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial,*" Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

The Court now turns to the exhaustion argument.

### B. Exhaustion of Administrative Remedies

Statutory and case law requires a prisoner to exhaust administrative remedies, regardless of the relief sought. The relevant portion of 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), states the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 532 U.S. at 741. The United States Supreme Court further explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 122 S.Ct. 983 (2002); *see also Jones v. Bock*, 127 S.Ct. 910 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

      The United States Court of Appeals for the Fifth Circuit has reiterated the principles found in these cases. In *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012), the Fifth Circuit recognized that exhaustion of administrative remedies prior to suit is mandatory, and that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies. The Fifth Circuit concluded, as follows:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Id.* at 788. The Court is mindful, however, that because "exhaustion is an affirmative defense, the burden is on [the movant] to demonstrate that [a prisoner plaintiff] failed to exhaust available

administrative remedies." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).[3]

Nevertheless, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, 2013 WL 4833901 (S.D. Miss. Sept. 11, 2013)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)(finding that filing an initial grievance, without more, did not equate to exhaustion)); *see also Tompkins v. Holman*, 2013 WL 1305580 (S.D. Miss. Mar. 26, 2013)(dismissing § 1983 complaint for failure to exhaust administrative remedies when prisoner filed a grievance, but did not complete the ARP before filing his lawsuit). Exhaustion is mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." *Booth,* 532 U.S. at 739.

In this case, Goldsmith does not allege that he suffered from any ailment which prohibited him from pursuing administrative remedies. *See Ferrington v. Louisiana Department of Corrections*, 315 F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); *see also Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness).

Rankin County Defendants have provided a copy of the grievance procedure at the Jail. [48-6]. Rankin County Defendants have also provided evidence demonstrating, and Goldsmith admitted at the omnibus hearing, that he was familiar with the grievance procedure at the Jail.

---

[3]The Court previously denied Defendant Keefe's Motion to Dismiss [16] based on lack of exhaustion of administrative remedies because Defendant Keefe did not meet its burden to present evidentiary support for its position that Goldsmith did not complete the grievance procedure. *See* Order [52]. The Court, however, granted the Motion to Dismiss on other bases.

*See* [48-2] at 40. Furthermore, on four different occasions in 2013 and 2014, Goldsmith participated in a Jail Orientation Program and signed a form acknowledging that he understood Jail procedures. [48-3] at 122, 124, 130, and 134.

On the other hand, Plaintiff has failed to come forward with adequate proof to rebut Defendants' arguments that he failed to exhaust his administrative remedies as to all of his claims. Goldsmith alleges that he wrote letters and grievances related to his claims to Jail personnel. However, despite testifying that he sent copies of these letters or grievances to family for safekeeping, he has failed to provide copies of them in response to the Motion for Summary Judgment. The Jail has provided copies of his entire jail record, *see* [48-3], and it contains only two grievance letters addressed to Defendant Rutland. [48-3] at 86, 127. One of the letters is unrelated to the claims against these Defendants. *See id.* at 127. There is no evidence, furthermore, demonstrating that he completed the administrative process with regard to the vague claims of abuse he makes in the other letter. *See id.* at 86.

Unsubstantiated assertions are insufficient to create a real controversy regarding material facts. *See Hopper v. Frank,* 16 F.3d 92, 96–97 (5th Cir. 1994). Despite Goldsmith's testimony that he kept copies of grievances and letters related to his claims, he has failed to produce them. As the evidence stands, Goldsmith's unsubstantiated assertions are the only evidence supporting his arguments that he attempted to exhaust and did exhaust his administrative remedies. This evidence is simply not enough to defeat a motion for summary judgment on this issue. Accordingly, for these reasons, the Court hereby grants the Rankin County Defendants' Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies.

### III. Conclusion

Accordingly, for the reasons explained in this Opinion, the Court finds that the Motion

for Summary Judgment filed by Rankin County Defendants based on Plaintiff's failure to exhaust administrative remedies should be granted. Goldsmith's claims are hereby dismissed without prejudice. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

     SO ORDERED, this the 29th day of September, 2015.

                                      /s/ F. Keith Ball
                                 UNITED STATES MAGISTRATE JUDGE